UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY COHEN,

                              Plaintiff,

          -against-

UNITED STATES OF AMERICA; EDDIE
ANDERSON; EMERY MCCOY; B. WALLS;
INTEGRATED MEDICAL SYSTEMS, LLC;
JOHN DOE #1 (FCI GILMER MAILROOM
SUPERVISOR); and MICHAEL FRAZIER,

                              Defendants.

23-CV-8099 (LTS)

PARTIAL TRANSFER ORDER AND
ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Jeffrey Cohen, who currently is incarcerated at FCI Otisville ("Otisville"), in

Otisville, New York, brings this action, *pro se*, under the Federal Tort Claims Act ("FTCA") and

the Freedom of Information Act ("FOIA"), alleging that Defendants violated his rights at

Otisville and at FCI Gilmer ("Gilmer"), located in Glenville, Gilmer County, West Virginia. He

also seeks *habeas corpus* relief under 28 U.S.C. § 2241. Plaintiff affirmatively states that he does

not seek monetary damages under *Bivens v. Six Unknown Named Agents of Fed. Bureau of

Narcotics*, 403 U.S. 388, 397 (1971). Plaintiff pre-paid the filing fees to initiate this action.[1]

---

[1] In *Cohen v. United States*, No. 20-CV-0152 (N.D. W. Va. Aug. 18, 2020), the Northern
District of West Virginia concluded that Plaintiff was barred from proceeding *in forma pauperis*
under 28 U.S.C. § 1915(g), because the court found Plaintiff had filed three civil actions while he
was a prisoner that were dismissed as frivolous, malicious, or failure to state a claim. *Cohen*, No.
20-CV-0152 (Doc. No. 10). Because Plaintiff pre-paid the filing fees, and is not proceeding *in
forma pauperis* in this action, the Court need not conduct its own independent inquiry to
determine whether Plaintiff is barred under Section 1915(g). *See Escalera v. Samaritan Vill.*, 938
F.3d 380, 381 (2d Cir. 2019) (per curiam) (finding that district courts must conduct an
independent review of actions treated as strikes to determine whether the actions should be
treated as strikes).

Plaintiff names as Defendants (1) the United States; (2) Eddie Anderson and Emery McCoy, two Bureau of Prisons ("BOP") physicians, employed at Gilmer; (3) Integrated Medical Systems ("IMS"), a West Virginia company that contracts with Gilmer to coordinate medical care for individuals incarcerated at Gilmer; (4) B. Walls, BOP Health Services Administrator, employed at Otisville; (5) a John Doe #1 mailroom supervisor, employed at Gilmer; and (6) Michael Frazier, who is regional counsel for BOP and employed at a Maryland BOP office.

For the reasons set forth below, the Court (1) severs the claims that arose at Gilmer and transfers those claims to the United States District Court for the Northern District of West Virginia; (2) severs the FOIA claims brought against General Counsel Frazier and transfers those claims to the United States District Court for the District of Columbia; and (3) grants Plaintiff leave to file an amended complaint within 60 days of the date of this order, as to any claims that arose at Otisville.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity, even if they pay the filing fees. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff asserts the following claims: (1) FTCA medical claims that arose at Gilmer and Otisville, involving serious back pain and gait impairment, dental issues, and sleep apnea; (2) constitutional and negligence claims against John Doe #1, a mailroom supervisor at Gilmer; and (3) FOIA claims regarding documents Plaintiff seeks from the BOP. The following facts are drawn from the complaint.[2]

### A.   Back Pain and Gait Impairment

In January 2018, when Plaintiff was incarcerated at FCI Hazelton ("Hazelton"),[3] he "was diagnosed with 'multiple degenerative and spondylitic changes most prominently at L3-4, L4-5, and L5-S1 levels.'" (ECF 1 ¶ 13.) At Hazelton, Plaintiff received treatment for his back pain. On September 19, 2021, Plaintiff arrived at Gilmer where he informed staff that the treatment he received at Hazelton "was not working." (*Id.* ¶ 14.) From that date, until Plaintiff moved to Otisville in December 2022, Plaintiff repeatedly sought medical attention from Defendants Anderson and McCoy, but they denied him care. (*See id.* ¶¶ 14-29.) IMS, the company contracted by the BOP, also did not provide medical treatment. (*See id.* ¶ 24.)

---

[2] Plaintiff filed an action in the Northern District of West Virginia arising out of alleged events that occurred at Hazelton FCI. *See Cohen v. United States*, No. 20-CV-0219 (JPB) (JPM) (N.D. W. Va. Apr. 19, 2022). Based on a review of the docket in that action, it does not appear that this new action asserts the same claims raised in that action, although some of the facts alleged in this action concern events that allegedly occurred at Hazelton.

[3] Hazelton is located in Preston County, West Virginia, which falls within the jurisdiction of the Northern District of West Virginia.

Following his arrival at Otisville, Plaintiff's "back injury ha[d] significantly worsened and his constant multi-year battle with pain and gait impairment remain[ed] untreated." (*Id.* ¶ 29.)

**B.      Dental Care**

Plaintiff also asserts claims regarding his being denied dental treatment at Hazelton, Gilmer, and Otisville. He states that on August 19, 2021, presumably at Hazelton, he notified dental staff that he had a "dental issue that is causing me pain." (*Id.* ¶ 30) (internal quotation marks omitted). He never received any dental treatment at the three facilities, and as of the date of his complaint, he has not been seen by a dentist for a checkup, cleaning, or to address the issue causing pain.

**C.      Sleep Apnea**

In November 2019 and December 2020, Plaintiff requested medical treatment for his sleep apnea, but medical staff at Gilmer denied him care. On November 27, 2021, Plaintiff emailed staff at Gilmer about his sleep apnea, and was informed that "the appropriate persons to deal with your issues have been included in this email," but he never received treatment. (*Id.* ¶ 32) (internal quotation marks omitted).

After arriving at Otisville, Plaintiff "requested a sleep apnea test to be issued from the [medical] staff . . . [but] Walls denied the test." (*Id.* ¶ 33.) Plaintiff was approved for the test, but Walls informed him that "they cannot locate a provider to administer the test. Fantastically, the BOP has claimed to be unable to locate a vendor in the New York Metropolitan area to administer the test for over 6 months." (*Id.* ¶ 33.)

D.      **Constitutional and Negligence Claims Against John Doe #1**

Plaintiff asserts that the mailroom supervisor at Gilmer, a John Doe defendant, failed to ensure delivery of Plaintiff's legal mail, affecting Plaintiff's ability to litigate a motion brought under 28 U.S.C. § 2255 and a civil action against the BOP.

E.      **Freedom of Information Act Claims**

Plaintiff brings claims under FOIA, stating that he submitted 18 written requests to the BOP, but the BOP has not made the records available to Plaintiff. Plaintiff attaches correspondence between him and the BOP regarding Plaintiff's requests. The most recent correspondence is dated May 11, 2023, which indicates that the most recent request from Plaintiff was received by the BOP on May 10, 2023. (*See id.* at 43.) Plaintiff seeks "an injunctive order compelling the BOP to disclose the information sought by his 18 requests." (*Id.* ¶ 52.) He names Michael Frazier, who Plaintiff identifies as "BOP General Counsel," and for whom Plaintiff provides an Annapolis Junction, Maryland address.

## DISCUSSION

A.      **Severance of Claims Arising Outside This District**

Rules 18 and 20 of the Federal Rules of Civil Procedure govern the joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009).

Rule 20(a)(2) permits a plaintiff to join multiple defendants in one action if: (1) a right to relief is asserted against all of the defendants, or the claims arise out of the same transaction, occurrence, or series of transactions, and (2) questions of law or fact are common to all defendants. *See id.* Although courts have interpreted Rule 20(a) liberally to allow related claims

to be tried within a single proceeding, *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir. 1970), "the mere allegation that Plaintiff was injured by all Defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)," *Deskovic*, 673 F. Supp. 2d at 167.

Rule 21 of the Federal Rules of Civil Procedure provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. In determining whether to sever a claim, courts consider "the two requirements of Rule 20 and additional factors, including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (relying on *Laureano v. Goord*, No. 06-CV-7845 (SHS) (RLE), 2007 WL 2826649, at *8 (S.D.N.Y. Aug. 31, 2007)). Put simply, courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Kalie v. Bank of Am. Corp.*, No. 12-CV-9192 (PAE), 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)).

Where a plaintiff is incarcerated, and asserts claims arising at two different correctional facilities, courts often disallow joinder when the defendants from the first facility are not involved in any conduct at the second facility. *See, e.g.*, *Smith v. Goord*, No. 04-CV-6432, 2006 WL 2850597, at *3 (W.D.N.Y. Sep. 22, 2006) (disallowing joinder of claims against defendants at different correctional facilities where there was no suggestion that original defendants were involved in the actions taken against plaintiff in a different facility more than one year later);

6

*Webb v. Maldanado*, No. 13-CV-144 (RNC), 2013 WL 3243135, at *3 (D. Conn. June 26, 2013) (holding that "[u]nrelated claims against different defendants belong in different suits . . . to prevent the sort of morass" created by a complaint with more than twenty defendants and countless unrelated claims").

Plaintiff asserts three sets of claims that are not logically connected. First, Plaintiff alleges that Defendants United States, Anderson, McCoy, IMS, and John Doe #1 violated his rights during his incarceration at Gilmer by denying him adequate medical care and access to the courts. Second, he alleges that Defendants United States and Walls violated his rights during his incarceration at Otisville by denying him adequate medical care. Although Plaintiff asserts similar medical claims arising at Gilmer and Otisville, the alleged denial of care did not arise from the same set of events or involve the same individual defendants. Third, Plaintiff asserts FOIA claims arising out of his attempts to receive BOP-held documents. Plaintiff's FOIA claims involve a set of facts and questions of law that are not common to his other two claims. Severance of these three sets of claims is therefore appropriate, and the Court severs the claims.

**B.      Transfer of Claims Arising outside this District**

When a court orders the severance of claims, it creates two or more separate "actions," and the court may transfer one separate action while retaining jurisdiction of another. *Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968).

**1.      Claims Arising at Gilmer**

Under the FTCA, a civil action may be filed in "the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Ordinarily, "a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile. Instead the prisoner retains his pre-incarceration domicile for diversity purposes." *Fermin v. Moriarty*, No. 96-CV-3022, 2003 WL 21787351 at *2 (S.D.N.Y. 2003); *see*

*Housand v. Heiman*, 594 F.2d 923, 925 n.5 (2d Cir. 1979); *Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007).

Here, Plaintiff does not state where he resided before his incarceration, so the Court cannot determine where he resides for venue purposes. The Court therefore concludes that because his Gilmer claims arose in the Northern District of West Virginia, that court is a proper venue for his FTCA claims under 28 U.S.C. § 1402(b).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's Gilmer claims arose in Gilmer County, which is in the Northern District of West Virginia. *See* 28 U.S.C. § 129(a). Accordingly, venue lies in the Northern District of West Viriginia, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers the severed claims arising at Gilmer, and brought against the United States, Anderson, McCoy, IMS, and John Doe #1, to the United States District Court for the Northern District of West Virginia, 28 U.S.C. § 1406(a).

### 2.   FOIA Claims

A claim under FOIA may be brought "in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." 5 U.S.C. § 552(a)(4)(B). Where a complainant is incarcerated, there is a rebuttable presumption that the incarcerated individual retains his pre-incarceration domicile. *See Housand*, 594 F.2d at 925 n.5; *Blumatte*, 521 F. Supp. 2d at 312 n.3.

The Court concludes that venue for Plaintiff's FOIA claims is proper in the District of Columbia. First, because Plaintiff's pre-incarceration domicile is unknown at this stage, the Court cannot determine where Plaintiff resides for the purposes of venue. Second, the Court cannot determine where the agency records Plaintiff seeks are situated; Plaintiff seeks several

8

different types of BOP documents, including documents produced in connection with his incarceration at Gilmer, internal BOP documents, and documents regarding his correspondence with "any employee within the Mid-Atlantic Region," which presumably includes correspondence with Defendant Michael Frazier. (ECF 1, at 20.) Moreover, his attachments to his complaint indicate that Plaintiff corresponded with the BOP's Central Office, located in Washington D.C. (ECF 1, at 33, 36, 40, 43.). The Court therefore concludes that the District of Columbia is the proper venue for Plaintiff's FOIA claims and transfers these claims, brought against Defendant Michael Frazier, to the District of Columbia.[4]

## C.    Leave to Amend FTCA Claims Arising at Otisville

Plaintiff brings medical claims arising out of his incarceration at Otisville. He states that he brings these claims under the FTCA. He notes that he does not bring claims under *Bivens*. As discussed below, the Court grants Plaintiff 60 days' leave to file an amended complaint to assert his medical claims under the FTCA against the United States and dismisses any claims he seeks to bring against Walls, who cannot be sued in an FTCA action.

The FTCA waives the sovereign immunity of the United States for claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2680. "The proper defendant in an FTCA claim is the United States, not individual federal employees or agencies." *Holliday v. Augustine*,

---

[4] Individual federal officers are not proper defendants in a FOIA action. *See Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 546 (2d Cir. 2016) ("[T]he FOIA applies only to federal agencies."); *see also* 5 U.S.C.§ 552(a)(4)(B) ("On complaint, the district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."). The Court leaves it to the transferee court to address the naming of the proper defendant for Plaintiff's FOIA claims.

No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015); *see* § 1346(a)(1) (stating that FTCA claim is brought against the United States).

Before bringing FTCA claims in federal court, a plaintiff must comply with the FTCA's procedural requirements. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). In order to exhaust the FTCA's administrative remedies, a claimant must file a written claim for damages with the appropriate federal entity and receive a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the damages sought, and be filed within two years of the date the claim accrues. 28 U.S.C. §§ 2401(b), 2675(a).

A claimant may file suit in federal district court seeking review of the agency's final decision within six months of the date the notice of final agency decision is mailed. *See* § 2401(b). Or, if the agency does not make a final decision within six months of the claimant's filing of an administrative claim, the claimant may bring an FTCA action in a federal district court. *See* § 2675(a). While this exhaustion requirement is jurisdictional and cannot be waived, *see Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005), "the FTCA's time bars are non-jurisdictional and subject to equitable tolling," *Kwai Fun Wong*, 575 U.S. at 420.

Here, Plaintiff brings claims regarding the alleged denial of medical care at Otisville and indicates that he exhausted all administrative remedies. He does not, however, provide specific details regarding the denial of care at Otisville or the steps he took to exhaust his remedies with the BOP. Rather, the complaint primarily concerns his treatment at Gilmer. The Court therefore grants Plaintiff leave to state facts in support of his claim that during his incarceration at Otisville, correctional staff denied him care, and that he exhausted these claims with the BOP.

As Plaintiff's FTCA claims must be brought against the United States, *see* 28 U.S.C. § 1346(a)(1), and Plaintiff does not seek to bring claims under *Bivens*, which may be asserted against individual defendants, *see Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (noting that *Bivens* "is the federal analog to suits brought against state officials under" Section 1983), the Court dismisses all claims asserted against Defendant Walls.

**D.      Section 2241**

Because Plaintiff seeks relief under Section 2241, the Court construes the complaint as requesting injunctive relief regarding the medication attention he seeks at Otisville. Section 2241 is available to seek "injunctive relief from federally imposed conditions of confinement." *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008).

**1.      Proper Respondent for Claims Brought Under Section 2241**

In a Section 2241 petition, challenging the execution of a sentence, "[t]he proper respondent . . . is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242) (alteration in original). The Court therefore grants Plaintiff leave to amend his complaint to name the proper respondent for his claims for *habeas corpus* relief under Section 2241 as to the execution of his federal sentence while he is incarcerated at FCI Otisville. The person who has custody over the petitioner would be the warden of that facility.

**2.      Exhaustion of Administrative Remedies**

Where an incarcerated individual challenges the execution of his sentence in a Section 2241 petition, he first must exhaust the available administrative remedies before filing his pleading. *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001). Failure to exhaust is a procedural default that will be excused upon a showing of cause and prejudice. *See id.* at 630, 633-34. A court may also excuse a litigant's failure to exhaust when: "(1) available

11

remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) [an] administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (internal quotation marks and citation omitted).

Plaintiff alleges facts suggesting that he seeks medical attention for his back, a dentist appointment, and a sleep apnea test; he also indicates more generally that he exhausted his FTCA claims. He does not, however, include facts detailing the steps he took to exhaust his remedies with the BOP with respect to medical care he seeks. The Court therefore grants Plaintiff leave to amend his complaint to allege facts detailing the injunctive relief he seeks and the exhaustion of his administrative remedies with respect to that relief.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to state facts in support of his FTCA claims against the United States. He also is granted leave to add the superintendent of Otisville and state facts in support of his request for injunctive relief under Section 2241.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d)   the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to sever the claims brought against the United States, Eddie Anderson, Emery McCoy, Integrated Medical Systems, LLC, and John Doe #1, and transfer the claims to the United States District Court for the Northern District of West Virginia. The Clerk of Court also is directed to sever the FOIA claims brought against Michael Frazier and transfer those claims to the United States District Court for the District of Columbia. Finally, the Clerk of Court is directed to terminate from this action Anderson, McCoy, Integrated Medical Systems LLC, John Doe #1, and Michael Frazier, without prejudice to Plaintiff's litigating his claims against these Defendants in the Northern District of West Virginia and the District of Columbia.

The Court grants Plaintiff leave to file an amended complaint to assert claims under the FTCA regarding his incarceration at Otisville. He also is granted leave to bring claims under Section 2241. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-8099 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to

comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed under the doctrine of sovereign immunity, without prejudice to Plaintiff's filing a new action under the FTCA, following his exhaustion of his administrative remedies.

The Court dismisses the FTCA claims brought against B. Walls. *See* 28 U.S.C. § 1346(a)(1).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    November 27, 2023
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name              Middle Initial          Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                          State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                      Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                      Zip Code

Defendant 2:

First Name                      Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                      Zip Code

Defendant 3:

First Name                      Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                      Zip Code

Defendant 4:

First Name                      Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                      Zip Code

## V.      STATEMENT OF CLAIM

Place(s) of occurrence:  _____

Date(s) of occurrence:  _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____